**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN WALSH, III,** | : | **Civil No. 3:16-CV-1148** |
| | : | |
| **Plaintiff** | : | **(Judge Caputo)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **JOHN KUTHKOWSKI, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

The plaintiff, John Walsh, is a frequent, albeit frequently unsuccessful, *pro se* litigant.  Indeed, Walsh is the author of more than 30 quixotic *pro se* lawsuits filed with this Court during the past several years.  These lawsuits are often varied in their form, and eccentric in their content, but frequently share a common, frivolous quality.  Moreover, upon scrutiny Walsh's lawsuits often are little more than odd polemics reflecting random observations on life by Walsh, polemics which masquerade as litigation.  Finally, of late some of Walsh's lawsuits have involved a pending landlord tenant dispute in state court, and what Walsh describes as his efforts to resist eviction following a failure to make rent payments.

1

This is one such case.   In this case, Walsh, who describes himself as a "Stakeholder, Citizen, Resident, Customer, and Taxpayer," sues five individual and institutional defendants.   These defendants include Walsh's landlord, the attorney representing the landlord in this state court eviction action, the Lackawanna County District Attorney, an Assistant District Attorney, and the County Sheriff's office. (Doc. 1.)   The precise nature of Walsh's claim against these defendants is often shrouded in some mystery, but it seems that Walsh believes that his landlord and the landlord's attorney are violating Walsh's civil rights by pursuing civil process, an eviction action.   Walsh then faults the Sheriff for serving process in this civil action. Finally, Walsh notes that he presented the district attorney's office with a private criminal complaint against his landlord, but that office declined to prosecute this private criminal complaint, conduct which Walsh also contends violates his constitutional rights.   On the basis of these allegations Walsh demands $1,000,000 in damages as a result of what he alleges are civil rights violations and seeks to have this Court intervene in his state court landlord tenant dispute.   (Id.)

Along with this complaint Walsh filed a motion for leave to proceed *in forma pauperis*, (Doc. 2.), which was granted by this Court.   However, upon a screening review of this *pro se in forma pauperis* complaint, for the reasons set forth below, it is recommended that the complaint be dismissed.

## II.  Discussion

### A.  Legal Standards Governing Sufficiency of Civil Complaints

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii).  Specifically, the Court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted.  This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years.  Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) continuing with our

opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a p[arty] to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... p[arty] can prove facts that the ... p[arty] has not alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983). As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action a party must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will

not do." Id. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss.  In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Id. at 679.  According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a complaint must recite factual

5

allegations sufficient to raise the party's claimed right to relief beyond the level of mere speculation.  As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated.  The district court must accept all of the . . .  well-pleaded facts as true, but may disregard any legal conclusions.  Second, a district court must then determine whether the facts alleged . . .  are sufficient to show that the plaintiff has a "plausible claim for relief."  In other words, a complaint must do more than allege the p[arty's] entitlement to relief.  A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:  "First, the court must 'tak[e] note of the elements a p[arty] must plead to state a claim.'  Iqbal, 129 S.Ct. at 1947.  Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'  Id. at 1950.  Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'  Id."  Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

6

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

Judged against these legal benchmarks, for the reasons set forth below, Walsh's complaint is fatally flawed and should be dismissed.

### B.      The Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can be Granted

In this case, our review of this complaint reveals that Walsh's pleadings fail as a civil rights action on a host of grounds.

First, Walsh's complaint violates the basic rule of pleading which requires that "a district court . . . determine whether the facts alleged in the complaint are sufficient to  show that the plaintiff has a 'plausible claim for relief.'  In other words, a

complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  <u>Fowler</u>, 578 F.3d at 210-11.  In addition, dismissal of this complaint is also warranted because the complaint fails to comply with Rule 8's basic injunction that:  "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Moreover, it is also well-settled that:  "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)."  <u>Scibelli v. Lebanon County</u>, 219 F. App'x 221, 222 (3d Cir. 2007).  Thus, when a complaint is "illegible or incomprehensible", <u>id.</u>, or when a complaint "is also largely unintelligible," <u>Stephanatos v. Cohen</u>,  236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly appropriate.  <u>See, e.g.</u>, <u>Mincy v. Klem</u>, 303 F. App'x 106 (3d Cir. 2008); <u>Rhett v. New Jersey State Superior Court</u>, 260 F. App'x 513 (3d Cir. 2008); <u>Stephanatos v. Cohen, supra</u>; <u>Scibelli v. Lebanon County, supra</u>; <u>Bennett-Nelson v. La. Bd. of Regents</u>, 431 F.3d 448, 450 n.1 (5th Cir. 2005).  Furthermore, dismissal under Rule 8 is proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action];" <u>Binsack v. Lackawanna County Prison</u>, 438 F. App'x 158 (3d Cir. 2011), or when the

8

complaint is so "rambling and unclear" as to defy response.  Tillio v. Spiess, No. 11-1276, 2011 WL 3346787 (Aug. 4, 2011).

Here, Walsh's pleadings fail to satisfy these basic minimal pleading standards.  Indeed, these pleadings set forth no well-pleaded, or intelligible, factual narrative thread giving rise to civil liability.  In as case such as this where these pleadings would leave "the defendants having to guess what of the many things discussed constituted [a cause of action]," Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011), dismissal of this complaint is fully warranted here.

In addition, in this complaint the plaintiff also seeks to sue a number of private persons, alleging apparent civil rights violations.  Walsh may not bring such claims against private persons as civil rights violations pursuant to 42 U.S.C. §1983.  It is well-established that § 1983 does not by its own force create new and independent legal rights to damages in civil rights actions.  Rather, § 1983 simply serves as a vehicle for private parties to bring civil actions to vindicate violations of separate, and pre-existing, legal rights otherwise guaranteed under the Constitution and laws of the United States.  Albright v. Oliver, 510 U.S. 266, 271 (1994); Graham v. Connor, 490 U.S. 386, 393-94 (1989).  Therefore, any analysis of the legal sufficiency of a cause of action under § 1983 must begin with an assessment of the validity of the underlying constitutional and statutory claims advanced by the plaintiff.

9

In this regard, it is also well-settled that:

> Section 1983 provides a remedy for deprivations of federally protected rights caused by persons acting under color of state law.   The two essential elements of a § 1983 action are:   *(1) whether the conduct complained of was committed by a person acting under color of state law*; and (2) whether this conduct deprived a person of a federally protected right.  Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Boykin v. Bloomsburg University of Pennsylvania, 893 F.Supp. 409, 416 (M.D.Pa. 1995), aff'd, 91 F3d 122 (3d Cir. 1996)(emphasis added).  Thus, it is essential to any civil rights claim brought under § 1983 that the plaintiff allege and prove that the defendant was acting under color of law when that defendant allegedly violated the plaintiff's rights.  To the extent that this complaint seeks to hold private parties liable for alleged civil rights violations, it fails to state a valid cause of action under 42 U.S.C. § 1983 since the statute typically requires a showing that the defendants are state actors.  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).  Therefore, Walsh's landlord and the landlord's attorney should be dismissed from this federal civil rights lawsuit since they are private parties, and not state actors.

Further, to the extent that Walsh is attempting to bring some sort of state law landlord tenant lawsuit it appears that all of the parties to this lawsuit reside in Northeastern Pennsylvania.  It is well-settled that federal courts are courts of limited jurisdiction.  As a general rule, there are two primary grounds for federal district court

jurisdiction over a civil lawsuit.  First, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1) citizens of different States."  28 U.S.C. § 1332(a)(1).  This ground of federal jurisdiction is known as diversity jurisdiction.  The second principal ground for invoking the jurisdiction of a federal court is known as federal question jurisdiction.  Under this ground of jurisdiction, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. §1331.

Here, with respect to any state law landlord tenant claims, Walsh's complaint does not allege any "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. §1331, giving rise to federal question jurisdiction. Instead, Walsh simply endeavors to bring a state law tort claim in federal court. However, Walsh may not assert federal jurisdiction over this state tort, since we can only exercise federal jurisdiction over such state law claims in "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) *citizens of different States*." 28 U.S.C. § 1332(a)(1)(emphasis added).  In the instant case, this Court's diversity jurisdiction simply does not provide a basis for exercising jurisdiction over this particular controversy since the complaint recites that the plaintiff and the defendants are all

citizens and residents of Pennsylvania.  Given that the complaint reveals on its face that this lawsuit is not between citizens of different states, the plaintiff may not invoke diversity jurisdiction in this matter.

Further, to the extent that Walsh invites us to sit as some sort of *ad hoc* state appellate court and review the decisions of the state courts, the Rooker-Feldman doctrine applies here and bars further consideration of this matter, which arises out of a state case.  Given these state court proceedings, this complaint fails because we lack subject matter jurisdiction over the issues raised by Walsh, which necessarily invite a federal court to review, re-examine and reject these state court rulings.

This we cannot do.  Indeed, the United States Supreme Court has spoken to this issue and has announced a rule, the Rooker-Feldman doctrine, which compels federal district courts to decline invitations to conduct what amounts to appellate review of state trial court decisions.  As described by the Third Circuit:

> That doctrine takes its name from the two Supreme Court cases that gave rise to the doctrine.  Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).  The doctrine is derived from 28 U.S.C. § 1257 which states that "[f]inal judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court....".  See also Desi's Pizza, Inc. v. City of Wilkes Barre, 321 F.3d 411, 419 (3d Cir.2003).  "Since Congress has never conferred a similar power of review on the United States District Courts, the Supreme Court has

inferred that Congress did not intend to empower district courts to review state court decisions." <u>Desi's Pizza</u>, 321 F.3d at 419.

<u>Gary v. Braddock Cemetery</u>, 517 F.3d 195, 200 (3d Cir. 2008).

Because federal district courts are not empowered by law to sit as reviewing courts, reexamining state court decisions, "[t]he <u>Rooker-Feldman</u> doctrine deprives a federal district court of jurisdiction in some circumstances to review a state court adjudication." <u>Turner v. Crawford Square Apartments III, LLP,</u>, 449 F.3d 542, 547 (3d Cir. 2006). Cases construing this jurisdictional limit on the power of federal courts have quite appropriately:

> [E]mphasized the narrow scope of the <u>Rooker-Feldman</u> doctrine, holding that it "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." [<u>Exxon Mobil Corp. v. Saudi Basic Industries Corp.</u>], 544 U.S. at 284, 125 S.Ct. at 1521-22; <u>see also</u> <u>Lance v. Dennis</u>, 546 U.S. 459, ----, 126 S.Ct. 1198, 1201, 163 L.Ed.2d 1059 (2006)

<u>Id.</u>

However, even within these narrowly drawn confines, it has been consistently recognized that the <u>Rooker-Feldman</u> doctrine prevents federal judges from considering civil rights lawsuits which seek to re-examine state court rulings that are presented "by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." <u>Kwasnik v.</u>

Leblon, 228 F. App'x 238, 242 (3d Cir. 2007). In such instances, the federal courts have typically deferred to the state court decisions, and rebuffed efforts to use federal civil rights laws to review, or reverse, those state court rulings. See, e.g., Marran v. Marran, 376 F.3d 143 (3d. Cir. 2004); Kwasnik 228 F. App'x 238, 242; Smith v. Department of Human Services, 198 F. App'x 227 (3d Cir. 2006); Van Tassel v. Lawrence County Domestic Relations Section, 659 F. Supp. 2d 672, 690 (W.D. Pa. 2009) aff'd sub nom. Van Tassel v. Lawrence County Domestic Relations Sections, 390 F. App'x 201 (3d Cir. 2010)(Rooker-Feldman doctrine operates as a jurisdictional bar to plaintiff's claims if the injuries of which she complains were caused by a state court judgment or ruling which was entered against her); Buchanan v. Gay, 491 F. Supp. 2d 483, 487 (D. Del. 2007); Rose v. County of York, No. 05-5820, 2007 WL 136682 (E.D. Pa. Jan. 12, 2007); Logan v. Lillie, 965 F. Supp. 695, 696 (E.D. Pa. 1997) aff'd, 142 F.3d 428 (3d Cir. 1998); Behr v. Snider, 900 F. Supp. 719, 721 (E.D. Pa. 1995).

Given this settled legal authority, applying the Rooker-Feldman doctrine in the particular field, Walsh's complaint, which necessarily invites a federal court to review, re-examine and reject state court rulings in a state case that are presented "by state-court losers complaining of injuries caused by state-court judgments rendered

before the district court proceedings commenced,"should be dismissed.  Kwasnik v.

Leblon, 228 F. App'x  238, 242 (3d Cir. 2007).

Moreover, this complaint, which invites this Court to intervene in a pending

state case, also runs afoul of another settled tenet of federal law, the Younger

abstention doctrine.  This doctrine is inspired by basic considerations of comity that

are fundamental to our federal system of government.  As defined by the courts:

"Younger abstention is a legal doctrine granting federal courts discretion to abstain

from exercising jurisdiction over a claim when resolution of that claim would

interfere with an ongoing state proceeding.  See Younger v. Harris, 401 U.S. 37, 41

(1971)."  Kendall v. Russell, 572 F.3d 126, 130 (3d Cir. 2009).

This doctrine, which is informed by principles of comity, is also guided by

these same principles in its application.  As the United States Court of Appeals for

the Third Circuit has observed:

> "A federal district court has discretion to abstain from exercising
> jurisdiction over a particular claim where resolution of that claim in
> federal court would offend principles of comity by interfering with an
> ongoing state proceeding."  Addiction Specialists, Inc. v. Twp. of
> Hampton, 411 F.3d 399, 408 (3d Cir.2005) (citing Younger v. Harris,
> 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)).  As noted earlier, the
> Younger doctrine allows a district court to abstain, but that discretion
> can properly be exercised only when (1) there are ongoing state
> proceedings that are judicial in nature; (2) the state proceedings
> implicate important state interests; and (3) the state proceedings afford

an adequate opportunity to raise federal claims.  <u>Matusow v. Trans-County Title Agency, LLC</u>, 545 F.3d 241, 248 (3d Cir.2008).

<u>Kendall v. Russell</u>, 572 F.3d at 131.

Once these three legal requirements for <u>Younger</u> abstention are met, the decision to abstain rests in the sound discretion of the district court and will not be disturbed absent an abuse of that discretion.   <u>Lui v. Commission on Adult Entertainment Establishments</u>, 369 F.3d 319, 325 (3d Cir. 2004).  Moreover, applying these standards, federal courts frequently abstain from hearing matters which necessarily interfere with on-going state cases.   <u>Lui v. Commission on Adult Entertainment Establishments</u>, 369 F.3d 319 (3d Cir. 2004); <u>Zahl v. Harper</u>, 282 F.3d 204 (3d Cir. 2002).

In this case, the plaintiff's complaint reveals that all of the legal prerequisites for <u>Younger</u> abstention are present in this case.  First, it is evident that there is an on-going state proceeding pending in this case.  Second, it is also apparent that this proceeding affords the plaintiff a full and fair opportunity to litigate these constitutional issues in the first instance in this pending state case.  <u>See Lazaridis v. Wehmer</u>, 591 F.3d 666, 670. (2010) (explaining that <u>Younger</u> requires only an opportunity to present federal claims in state court, and the burden rests with plaintiff to show that state procedural law bars presentation of the claims).  Finally, it is also

16

evident that the state proceedings implicate important state interests, since this matter involves enforcement of state landlord-tenant laws. Such cases are matters that are routinely entrusted to the state courts. Since the legal requirements for <u>Younger</u> abstention are fully met here, the decision to abstain rests in the sound discretion of this Court. <u>Lui v. Commission on Adult Entertainment Establishments</u>, 369 F.3d 319, 325 (3d Cir. 2004). Given the important state interests that exist in law enforcement in this field, and recognizing that the state courts are prepared to fully address the merits of this matter in the near future, we believe that the proper exercise of this discretion weighs in favor of abstention and dismissal of this federal case at the present time. <u>Wattie-Bey v. Attorney General's Office</u>, 424 F. App'x 95, 97 (3d Cir. 2011); <u>Lui v. Commission on Adult Entertainment Establishments</u>, 369 F.3d 319 (3d Cir. 2004); <u>Zahl v. Harper</u>, 282 F.3d 204 (3d Cir. 2002); <u>Rose v. York Cnty.</u>, No. 1:13-CV-2056, 2013 WL 5707366, at *1 (M.D. Pa. Oct. 18, 2013) <u>aff'd</u>, 572 F. App'x 94 (3d Cir. 2014).

Moreover, this complaint fails with respect to the state prosecutors named in the complaint. While the nature of his claims against the prosecutors is sometimes difficult to discern, it appears that Walsh is suing the prosecutors for their discretionary decision not to pursue a private criminal complaint lodged by Walsh against his landlord. This he may not do. It is well-settled that a criminal defendant

may not sue prosecutors for prosecutive judgments since such conduct is cloaked in

immunity from civil liability.   The immunity conferred upon prosecutors for the

quasi-judicial act of filing and bringing criminal charges is broad and sweeping:

> [T]he Supreme Court [has] held that state prosecutors are absolutely
> immune from liability under § 1983 for actions performed in a quasi-
> judicial role.   This immunity extends to acts that are "intimately
> associated with the judicial phase of the criminal process," such as
> "initiating a prosecution and ... presenting the State's case."   Court has
> noted numerous public policy considerations underlying its extension of
> absolute immunity to prosecutors:   [S]uits against prosecutors for
> initiating and conducting prosecutions "could be expected with some
> frequency, for a defendant often will transform his resentment at being
> prosecuted into the ascription of improper and malicious actions to the
> State's advocate"; lawsuits would divert prosecutors' attention and
> energy away from their important duty of enforcing the criminal law;
> prosecutors would have more difficulty than other officials in meeting
> the standards for qualified immunity; and potential liability "would
> prevent the vigorous and fearless performance of the prosecutor's duty
> that is essential to the proper functioning of the criminal justice system."
> ...   [T]here are other checks on prosecutorial misconduct, including the
> criminal law and professional discipline.

Yarris v. County of Delaware, 465 F.3d 129, 135 (3d Cir. 2006)(citations omitted).

This principal applies to prosecutorial decisions involving the declination of
private criminal complaints.   Prosecutors are absolutely immune from civil liability
for such discretionary decisions, since "generally, '[t]here is no statutory or common
law right, much less a constitutional right, to [such] an investigation.'   Mitchell v.
McNeil, 487 F.3d 374, 378 (6th Cir.2007), (citing Linda R.S. v. Richard D., 410 U.S.
614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) (observing that 'a private citizen
lacks a judicially cognizable interest in the prosecution or nonprosecution of
another'))."   Fuchs v. Mercer Cty., 260 F. App'x 472, 475 (3d Cir. 2008).

Finally, Walsh's factually unsupported demand for $1,000,000 in unliquidated damages is improper.  Rule 12(f) of the Federal Rules of Civil Procedure imposes a duty on the Court to review pleadings and provides that the Court may upon its own initiative at any time order stricken from any pleading any immaterial matter.  Fed. R. Civ. P. 12(f).  Decisions regarding whether claims may be stricken from a complaint are properly presented to a United States Magistrate Judge for determination in the first instance.  <u>Singh v. Superintending School Committee of the City of Portland</u>, 593 F. Supp. 1315 (D. Me. 1984).  In this case, the plaintiff's claim for a specified amount of unliquidated damages, $1,000,000, violates Local Rule 8.1 which provides, in part, that:  "The demand for judgment required in any pleading in any civil action pursuant to Fed.R.Civ.P. 8(a)(3) may set forth generally that the party claiming damages is entitled to monetary relief *but shall not claim any specific sum where unliquidated damages are involved.*  The short plain statement of jurisdiction, required by Fed.R. Civ.P.8(a)(1), shall set forth any amounts needed to invoke the jurisdiction of the court but no other."  Local Rule 8.1 (emphasis added).  Since this prayer for relief violates Local Rule 8.1 by specifying a particular amount of unliquidated damages, it is further recommended that this specific dollar claim be stricken from the complaint.

We recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote  Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay.  Alston v. Parker, 363 F.3d  229, 235 (3d Cir. 2004).  In this case, the current complaint fails to state a viable civil rights cause of action for reasons that are fundamental and cannot, in our view, be corrected through more artful pleading. Since the plaintiff cannot readily correct the deficiencies identified in the complaint, and the factual and legal grounds proffered in support of the complaint make it clear that the plaintiffs have no right to relief in federal court at this time, granting further leave to amend would be futile or result in undue delay.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).   Therefore, it is recommended that the complaint be dismissed without further leave to amend.

Finally, we note that Walsh has over the past several years filed dozens of increasingly bizarre and frivolous complaints with this Court.  This pattern of frivolous filings has continued unabated despite numerous admonitions from this Court.   Indeed, Walsh's pattern of frivolous filings has actually accelerated in

volume, venom and vehemence over time while, sadly, declining in coherence and

rationality.[1]

_____

[1]A partial list of these frivolous filings includes the following civil actions filed within the past year: 3:15-CV-1103,Walsh v. Walsh et al filed 06/05/15 closed 08/13/15;3:15-cv-02012-ARC Walsh v. Walsh et al filed 10/16/15 closed 11/12/15 3:15-cv-02122-RDM Walsh v. Summers et al filed 11/05/15 closed 02/11/16 3:15-cv-02313-MEM Walsh v. Corbett filed 12/02/15 closed 12/02/15 3:15-mc-00452-RDM Walsh v. Verrilli filed 10/05/15 closed 07/26/16 3:16-cv-00503-RDM Walsh v. DeNaples et al filed 03/24/16 closed 05/17/16 3:16-cv-00834-ARC Walsh v. Greater Scranton Young Mens Christian Association et al filed 05/10/16 closed 05/20/16 3:16-cv-00872-RPC Walsh v. Rite Aid et al filed 05/13/16 closed 07/20/16 3:16-cv-00950-ARC Walsh v. Munley filed 05/20/16 closed 06/21/16 3:16-cv-00998-RPC Walsh v. Bambera, et al filed 05/26/16 closed 06/17/16 3:16-cv-01234-NQA Walsh v. Conaboy et al filed 06/22/16 closed 07/12/16 3:16-cv-01429-EMK Walsh v. Conaboy et al filed 07/13/16 closed 07/25/16 3:16-cv-01430-EMK Walsh v Wilding, et al filed 07/11/16 closed 08/02/16 3:16-cv-01440-EMK Walsh v. Pascal et al filed 07/13/16 closed 07/25/16 3:16-cv-01460-EMK Walsh v. Alejandro filed 07/18/16 closed 07/27/16 3:16-cv-01462-EMK Walsh v. Stark, 3:16-cv-01112-ARC Walsh v. Cardonick et al filed 06/10/16 closed 07/08/16 3:16-cv-01223-EMK Walsh v. Deleeum filed 06/21/16 closed 07/20/16 3:16-cv-01269-NQA Walsh v. Mariani et al filed 06/23/16 closed 07/12/16 3:16-cv-01422-EMK Walsh v. Saporito et al filed 07/08/16 closed 08/09/16 3:16-cv-01445-EMK Walsh v. McKee et al filed 07/13/16 closed 07/25/16 3:16-cv-01452-EMK Walsh v. The Lynett Family filed 07/14/16 closed 07/27/16 3:16-cv-01472-EMK Walsh v. Harhut et al filed 07/19/16 closed 07/22/16 3:16-cv-01494-EMK Walsh v. Barrasse et al filed 07/20/16 closed 07/28/16 3:16-cv-01495-EMK Walsh v. American Water et al filed 07/21/16 closed 07/29/16 3:16-cv-01498-EMK Walsh v. Fuentes et al filed 07/21/16 closed 07/29/16 3:16-cv-01560-SHR Walsh v. Brazil et al filed 07/27/16 closed 08/01/16.

This Court is not powerless to address this blizzard of erratic, frivolous and vexatious filings. Quite the contrary, we have an affirmative responsibility to ensure that the courts do not become encumbered with repeated, random, meritless matters filed litigants who are unable or unwilling to comply with the requirements prescribed by the law. In such instances, provided that the litigant is given prior notice and an opportunity to be heard, it is well settled that the Court possesses the inherent authority to limit a frivolous filer's opportunities to burden the legal system with meritless filings, by requiring a frivolous filer to obtain the prior approval of the Court before lodging any new complaints relating to the same subject matter of past frivolous litigation. See e.g., Chipps v. U.S.D.C. for the M.D. of Pa., 882 F.2d 72, 73 (3d Cir. 1989); Gagliardi v. McWilliams, 834 F.2d 81 (3d Cir. 1987); In re Oliver, 682 F.2d 443 (3d Cir. 1982).

In this case, the steady decline in the rationality of Walsh's filings, coupled with the dramatic increase in the volume of these filings, suggests that the Court should now provide Walsh with notice that his future filing opportunities may be limited and an opportunity to be heard on this issue.[2]

---

[2]If the district court wishes to follow this course  these show cause proceedings could be referred to the undersigned for the preparation of a Report and Recommendation. See In re Allen, 248 F. App'x 874, 876 (10th Cir. 2007).

### III.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that this complaint be dismissed for the failure to state a claim upon which relief can be granted.  IT IS FURTHER RECOMMENDED that a show cause order issue placing Walsh on notice that the Court is considering limiting this frivolous filer's opportunities to burden the legal system with meritless filings, by requiring Walsh to obtain the prior approval of the Court before lodging any new complaints relating to the same subject matter of past frivolous litigation, and giving Walsh an opportunity to be heard on this proposed course of action.

The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C.  § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of

that record.   The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 16th day of August 2016.


                              ___*S/Martin C. Carlson*___
                              Martin C. Carlson
                              United States Magistrate Judge